IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLENE JACKSON, | ) CIVIL DIVISION |
| Plaintiff, | ) NO.: CA05-33 Erie |
| v. | ) |
| WAL-MART STORES, INC., | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT WAL-MART STORES, INC.'S MOTION FOR SUMMARY JUDGMENT

AND NOW, comes Plaintiff, Darlene Jackson, by and through her counsel, Patberg, Carmody, Ging & Filippi and Sean P. Duff, Esquire, and files the following Brief in Opposition to Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") Motion for Summary Judgment and in support thereof avers as follows:

### I. FACTS

Plaintiff, Darlene Jackson, first began working as an associate at Wal-Mart Store Number 2561 located at 4950 West 23rd Street, Erie, PA 16506 in the Toy Department in or around November 2002.[1] Prior to being employed at Wal-Mart, Ms. Jackson had suffered through a lengthy and complicated history of severe asthma and was on several medications for this condition. Exhibit A, Exhibit D, Exhibit E. She worked at several positions throughout her time at Wal-Mart, including Toys, Shoes, Cashiers, and Fitting Room. Exhibit A, p. 17-19.

Prior to being hired at Wal-Mart by a person who Plaintiff believes to be named Bobbi, she submitted to an interview process which involved a written application and in-person interviews.

---

[1] All references to Exhibits will be to the Appendix of Exhibits attached to the Defendant's Motion for Summary Judgment. Any additional Exhibits will be appended hereto.

Exhibit A. At this time, she made the representatives of Defendant aware of her condition of asthma. Exhibit A. In fact, she brought specifically this issue to Wal-Mart's attention upon receipt of the Employee Handbook. Exhibit A, p. 21. She advised them specifically that this was allergic reaction asthma and that certain smells or fragrances will trigger an asthma attack. Exhibit A, p. 23. Defendant, in response, allowed her to keep with her an inhaler during her time on the job. The Handbook listed no prohibition on carrying an inhaler. Wal-Mart's policy required that employees not have more than three (3) unapproved absences in a ruling six (6) month period. Exhibit A, p. 26.

Throughout her time at Wal-Mart, Ms. Jackson had several absences which were excused by doctors. Exhibit E. In early 2003, Ms. Jackson missed a few days due to a bereavement issue when a member of her family passed. Exhibit A, p. ___. She further missed a few days due to her children being ill. It was Ms. Jackson's testimony that these absences were "approved." Despite this, she received "coaching" from new manager, Lisa Dolecki, in early 2003. Exhibit A, Exhibit F. Further, it has been admitted by all parties that the Plaintiff did leave on occasion early from work as a result of asthmatic emergencies and, at times, left via ambulance. Exhibit A, F and J.

On or about May 24, 2003, Ms. Jackson was involved in a motor vehicle accident on her way to work. As a result of injuries sustained therein, she was forced to miss work for several days. She contacted the Store Manager, Pete Burns, who advised her that she could "take all the time she needed." Exhibit A. Ms. Jackson returned to work on May 29, 2003, but had great difficulty due to her recent absences and injuries and was forced to leave. Exhibit A.

She again returned on or about June 7, 2003, at which time, she was summoned to an office where she was terminated for "too many absences."

Plaintiff has subsequently exhausted all administrative remedies and brought suit in this matter for failure to accommodate under 42 U.S.C. §12111-12117, the Americans With Disabilities Act. Defendant has moved for Summary Judgment arguing that Ms. Jackson was not a qualified individual who had a disability, and that she does not have a disability under the ADA, she was not qualified for the essential functions of her job and that her request for accommodation is not reasonable.

## II. SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment will be granted in the pleadings, affidavits, and discovery materials produce "no general issue as to any material fact" and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When ruling on a motion for summary judgment, the Court must accept the "evidence in the light most favorable to the non-movant, giving that party the benefit of all reasonable inferences derived from the evidence." Waldron v. SL Indus., Inc., 56 F.3d 491, 496 (3d Cir. 1995).

## III. ARGUMENT

Plaintiff is a qualified individual with a disability under the ADA. The Americans with Disability Act prohibits "discrimination against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. §12112(a). Under this statute, an individual is defined as disabled if she has: (a) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (b) has a record of such impairment; or (c) is regarded as having such an impairment. 42 U.S.C. §12102(2); Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 376 (3rd Cir. 2002).

In the herein matter, Plaintiff suffers from asthma. Medical records set forth at Exhibits D and E make clear that Ms. Jackson has a record of having a physical impairment that substantially limits one or more major life activities. Under 45 C.F.R. §84.3(j)(2)(ii), breathing is a major life activity. The Rinehimer case significantly implies that asthma effects a person's ability to breathe is an non-temporary condition, and can support an ADA claim.

Ms. Jackson testified regarding her experiences with asthma. Exhibit A. She testified that she made requests through her doctor to take medical leave because she was "having problems getting the asthma under control." Exhibit A, p. 26. She further had a workers' compensation claim after she was stung by a cactus and had a reaction. Exhibit A, p. 29. Further, there were several times when an ambulance had to be summoned to the store as a result of her inability to breathe. She testified that, though she was able to walk at Wal-Mart, when she needed to get from point A to point B quickly, she would easily get out of breath because of her asthma. Exhibit A, p. 46. She further indicated that, on several occasions at Wal-Mart, she was unable to speak as a result of asthma.

Thus, it is clear that there was evidence of record that establishes that Ms. Jackson's asthma substantially limit the major life activity of breathing and, further, given the medical records at Exhibits D and E, as well as the litany of paperwork generated by Wal-Mart with regard to her employment, it is clear she also has a record of such impairment. As such, she is disabled under two of three subsections of 42 U.S.C. §12112.

Further, in the Rinehimer case, the Court specifically stated that asthma may bring somebody under the Americans With Disabilities Act, to-wit, "if Cemcolift regarding Rinehimer has having bronchitis, that would not be enough to bring him under protections of the ADA. On the other hand,

if Cemcolift regarding Rinehimer as having asthma, that might be enough to bring him under the protection of the ADA." Rinehimer v. Cemcolift, Inc., 292 F.3d 375 (3rd Cir. 2002).

Further, it is clear Plaintiff is otherwise qualified to perform the essential functions of the job, with a reasonable accommodation of additional absences. On December 28, 2000, she received an Accommodation Form from the Defendant, which was used "to recognize any action for which an associate should be commended." Exhibit C. Further, the matrix of essential job function lists no fewer than twenty-three (23) essential job functions for various employment positions at Wal-Mart. Exhibit G. Testimony of the Plaintiff and her history of employment corroborates that she can perform all such functions. She testified in her deposition that she could perform any job function that was required of her. Exhibit A. She did request reasonable accommodation of additional absences due to suffering, often times, from asthmatic attacks, which would prohibit her return to an environment such as Wal-Mart where there are so many different scents. Exhibit A. In the depositions of Lisa Dolecki and Pete Burns, several Employee Evaluation Forms were marked as exhibits. Exhibits F, J. They indicate that attendance was the only issue, with few exceptions, they had with her work.

Finally, it is clear that, due to her disability and Wal-Mart's refusal to make reasonable accommodation, she was, in fact, terminated. Lisa Dolecki admitted as much in her deposition. Exhibit F. The requested accommodation is reasonable in the herein matter because Wal-Mart is a worldwide company with hundreds of employees at the store in Erie alone. The relatively infrequent times upon which Ms. Jackson would call in sick due to her asthma (though admittedly more than the allotted absences pursuant to the attendance policy) would not create any hardship or difficulty to the Defendant.

## IV. **CONCLUSION**

For all of the foregoing reasons, there are clearly material issues of fact as to Plaintiff's claim for reasonable accommodation under the ADA. Conflicting evidence exists as to whether or not she is disabled by her asthma, whether or not she can perform the essential functions of the job, and whether or not the accommodation is reasonable. For all of the foregoing reasons, the Defendant's Motion for Summary Judgment should be denied.

RESPECTFULLY SUBMITTED:

PATBERG, CARMODY, GING & FILIPPI

DATE: 3/9/06

By _____
Sean P. Duff, Esquire
PA I.D. No.: 88853

PATBERG, CARMODY, GING & FILIPPI
801 Vinial Street
Third Floor
Pittsburgh, PA 15219
(412) 232-3500

Attorney for Plaintiff.