IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARLENE JACKSON, | : | |
| | : | |
| Plaintiff, | : | CIVIL DIVISION |
| | : | |
| v. | : | NO.: 05-33 (Erie) |
| | : | |
| WAL-MART STORES, INC., | : | |
| | : | |
| Defendant. | : | Electronically Filed |

**REPLY BRIEF OF DEFENDANT WAL-MART STORES, INC.
IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Wal-Mart Stores Inc. ("Wal-Mart"), by and through its undersigned counsel, hereby submits this reply brief in further support of its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

In her response to Wal-Mart's motion, plaintiff seeks to lure this Court into the stereotypical mindset regarding individuals with disabilities that the ADA discourages and the Supreme Court prohibits. Specifically, plaintiff argues that because she has asthma she has a disability as defined under the ADA. The law, however, requires an individualized inquiry to establish whether a plaintiff is a qualified individual with a disability. The material and undisputed facts of this case, principally plaintiff's own admissions and medical records, show that plaintiff cannot meet this burden. Moreover, as more fully explained in Wal-Mart's initial memorandum, plaintiff also cannot show that her requested accommodation — unlimited absences — is reasonable under the law. Accordingly, this Court should grant Wal-Mart's motion.

I.  **Plaintiff Admits, as Undisputed and Material, Wal-Mart's Statement of Material Facts.**

As required under Local Rule 56.1(B)(1), Wal-Mart filed a statement of facts that it contends are undisputed and material to its motion for summary judgment. Rule 56.1(C)(1) then requires that plaintiff admit or deny whether each fact cited by Wal-Mart is undisputed and material. Plaintiff here has failed to do so. (See Pl.'s Br.). According to Local Rules of this Court, therefore, for the purpose of evaluating Wal-Mart's motion, the facts cited by Wal-Mart are deemed admitted by plaintiff as undisputed and material. See Local Rule 56.1(E); see also Thompson v. AT&T Corp., 371 F. Supp. 2d 661, 665 n.1 (W.D. Pa. 2005) (finding that the "proposed facts that were not responded to by opposing counsel, . . . are accepted as undisputed in accordance with Local Rule 56.1(E) and labeled 'unanswered'").[1]

II. **Plaintiff Has Not Shown That She is a Qualified Individual with a Disability.**

   A.  **Plaintiff's Reliance on Rinehimer v. Cemcolift, Inc. to Show That She is Disabled Under the ADA is Unavailing.**

Plaintiff cites Rinehimer v. Cemcolift, Inc., 292 F.3d 375 (3d Cir. 2002), in support of her position that she has a disability as defined under the ADA. (See Pl.'s Br. at p. 4-5). In Rinehimer, however, the Third Circuit affirmed a District Court's decision that the plaintiff *failed to show* he had a disability for purposes of the ADA. See Rinehimer, 292 F.3d at 382. Ignoring this fact, plaintiff relies on the court's dicta that if the employer in Rinehimer had regarded the plaintiff as having asthma, it "*might* be enough to bring him under the protection of the ADA." (See Pl.'s Br. at p. 5) (citing Rinehimer, 292 F.3d at 381) (emphasis added).

The court in Rinehimer did not conduct an individualized assessment into whether

---

[1] Because plaintiff has failed to respond to Wal-Mart's Statement of Material Facts, Wal-Mart cannot prepare the "Joint Concise Statement of Material Facts" contemplated in the Court's June 21, 2005 Case Management Order.

the impairment suffered by the plaintiff therein substantially limited him in any major life activity. See id. As discussed more fully in Wal-Mart's initial brief, the existence of a disability is determined on a case-by-case basis, taking into account whether the effects of an impairment substantially limit a person's ability to perform a major life activity. See Toyota Motor Mfg. v. Williams, 534 U.S. 184, 198 (2002); see also Ventura v. City of Independence, No. 95-3582, 1997 WL 94688, at *2 (6th Cir. March 4, 1997) (finding that plaintiff with asthma is not disabled as defined under the ADA).

Here, plaintiff's medical records and her own testimony show that she was not substantially limited in any major life activity due to her asthma. (See Def.'s Br. at 6-7).[2] Accordingly, plaintiff's claims under the ADA fail as a matter of law and should be dismissed.

### B. Plaintiff Cannot Show That Wal-Mart Regarded Her as Disabled Under the ADA.

The Third Circuit explained in Rinehimer that "when an employer misinterprets information about an employee's limitations to conclude that the employee is incapable of performing a wide range of jobs, that employee is 'regarded as' disabled under the ADA." Rinehimer, 292 F.3d at 381-82 (citing Taylor v. Pathmark Stores, Inc., 177 F.3d 180, 187 (3d Cir.1999)). The court in Rinehimer, however, found that the plaintiff was not regarded as disabled because the employer "had Rinehimer perform various jobs after he returned from his absences . . . ." Id. at 382.

The record here likewise shows that at no point during plaintiff's employment did

---

[2] In her brief, plaintiff makes the claim that "there were several times when an ambulance had to be summoned to the store as a result of her inability to breathe." (See Pl.'s Br. at 4). Plaintiff, however, fails to cite to the record to support this allegation. This Court, therefore, should not consider this unsupported allegation. See Local Rule 56.1(C)(1)(b), (c).

Wal-Mart consider her incapable of performing a wide range of jobs. Indeed, plaintiff held various positions at Wal-Mart and received favorable evaluations on her ability to perform her job. (See Pl.'s Br. at pgs. 1, 5). Plaintiff's former supervisor, Lisa Dolecki, also recommended plaintiff for re-hire because she believed plaintiff could satisfactorily perform her job duties — but for the fact that plaintiff consistently violated Wal-Mart's attendance policy. (See Def.'s SMF at ¶ 33).[3] Plaintiff, therefore, cannot show that Wal-Mart regarded her as disabled.

### C. Plaintiff Has Failed to Show that Unlimited Absences is a Reasonable Accommodation Under the Law.

With a cheap and unsupported shot, plaintiff attempts to resuscitate her failure-to-accommodate claim with the notion that her requested accommodation — unlimited absences — is reasonable because "Wal-Mart is a worldwide company with hundreds of employees at the store in Erie alone" and plaintiff's absences, therefore, "would not create any hardship or difficulty to [Wal-Mart]." (Pl.'s Br. at p. 5). Although plaintiff's bald assertion warrants little discussion, it is worth noting that plaintiff herself admits that her repeated absences inconvenienced her co-workers and Wal-Mart's customers. (See Def.'s SMF at ¶ 28). And, in any event, the law is clear that plaintiff may not escape summary judgment by relying on conclusory statements or unsupported speculation. See Solt v. Alpo Petfoods, Inc., 837 F. Supp. 681 (E.D. Pa. 1993), aff'd, 30 F.3d 1488 (3d Cir. 1994).

More to the point, plaintiff has failed to refute the overwhelming case law holding that excusing unlimited, unplanned absences is not a reasonable accommodation because regular attendance is a crucial aspect of any employment position. (See Def.'s Br. at pgs. 9-11).

---

[3] Nor has plaintiff advanced any evidence (nor can she) that Wal-Mart regarded her as being substantially limited in the major life activity of breathing or any other major life activity.

Accordingly, plaintiff's claim under the ADA fails as a matter of law and should be dismissed for this additional reason.

### III. Wal-Mart Terminated Plaintiff's Employment For A Non-Discriminatory Reason: Because She Violated Wal-Mart's Attendance Policy.[4]

To the extent plaintiff argues that Wal-Mart terminated her employment due to an alleged disability, that claim fares no better.

Once an employee has established a *prima facie* case of discrimination, which Wal-Mart argues plaintiff cannot establish, the burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for the adverse employment action. See Walton v. Mental Health Ass'n. of Southeastern Pa., 168 F.3d 661, 668 (3d Cir. 1999). To defeat summary judgment, plaintiff must point to some evidence, direct or circumstantial, from which a fact-finder could reasonably either (a) disbelieve Wal-Mart's articulated legitimate reasons; or (b) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. See id. Plaintiff, however, may "not rely upon bare assertions, conclusory allegations or suspicions" in support of her claim. Hess v. Security Guards, Inc., No. 02-3691, 2003 WL 22271483, at *4 (E.D. Pa. Sept. 30, 2003). Because Wal-Mart terminated plaintiff's employment due to a non-discriminatory reason and because plaintiff cannot point to any direct or circumstantial evidence that Wal-Mart's reason is pretextual, her ADA discrimination claim fails as a matter of law and should, therefore, be dismissed.

---

[4] While plaintiff's complaint alleges only a failure-to-accommodate, Wal-Mart also argues that it did not terminate plaintiff in violation of the ADA because plaintiff implies in her response brief that Wal-Mart terminated her employment due to her alleged disability. (See Pl.'s Br. at p.5).

Here, the record clearly shows that Wal-Mart terminated plaintiff's employment because she violated the company's Attendance/Punctuality Policy. Indeed, plaintiff was aware that her irregular attendance was unacceptable to Wal-Mart. She received two consecutive performance reviews stating that her attendance required improvement. (<u>See</u> Def.'s SMF at ¶ 13). She also received a written final warning on February 15, 2003 due to her violation of the company's attendance policy. (<u>See</u> Def.'s SMF at ¶ 15). During this "Decision-Making Day Coaching," plaintiff learned that any further unapproved absences prior to August 17, 2003 would result in termination. (<u>See</u> Def.'s SMF at ¶ 17). Indeed, plaintiff acknowledged that she understood Wal-Mart's attendance policy and that she would "try harder to get to work on time, [sic] and not miss so many days of work." (<u>See</u> Def.'s SMF at ¶ 18). Even still, plaintiff incurred more unapproved absences, in violation of Wal-Mart's policy. (<u>See</u> Def.'s SMF at ¶ 20).[5]

On the other hand, plaintiff has not advanced — nor can she advance — any evidence that Wal-Mart's reason for terminating her employment was a pretext for discrimination. Her self-serving statements and allegations are insufficient under the law. Accordingly, plaintiff's ADA termination claim likewise fails as a matter of law.

---

[5]     Plaintiff even testified that the absences she incurred in late May — which lead to her termination from employment — were not even related to her asthma, but instead due to personal marriage problems. (<u>See</u> Def.'s SMF at ¶ 26).

**CONCLUSION**

For the foregoing reasons and those set forth in its initial brief, defendant Wal-Mart Stores, Inc. requests that judgment be entered in its favor and against plaintiff and that this case be dismissed in its entirety.

Respectfully submitted,

Dated:  March 22, 2006

s/David S. Fryman
David S. Fryman
Lorena E. Ahumada
Attorney I.D. Nos.: 57623 & 91630

Attorneys for Defendant
Wal-Mart Stores, Inc.

OF COUNSEL:
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
(215) 665-8500

## CERTIFICATE OF SERVICE

I, Lorena E. Ahumada, hereby certify that on this 22nd day of March, 2006, a true and correct copy of the foregoing Reply Brief of Defendant Wal-Mart Stores, Inc. in Further Support of its Motion for Summary Judgment was filed electronically and is available for viewing and downloading from the ECF system.  I further certify that I caused a true and correct copy of the same to be served via U.S. mail, postage prepaid, upon the following:

        Sean P. Duff, Esquire
        Patberg, Carmody, Ging & Filippi
        527 Court Place
        Pittsburgh, PA  15219

Dated:  March 22, 2006                  s/Lorena E. Ahumada
                                                       Lorena E. Ahumada